UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                             )<br>            Plaintiff,              )<br>                                             )<br>       v.                               )<br>                                             )<br>MICHAEL COX                      )<br>                                             )<br>            Defendant.           )<br>_____ ) | CASE NO.   CR05-391-RSM<br><br>BOND REVOCATION AND<br>DETENTION ORDER |

Date of Hearing: March 7, 2006

Violations charged:

(1) Violation of special condition that he not possess a computer by possessing a laptop computer on or about February 6, 2006.

(2) Violation of special condition that he not have others access a computer or the internet, by having a co-worker access the Equifax Internet site for the purpose of generating Michael Cox's credit report on or about January 31, 2006.

(3) Violation of special condition that he not possess any Social Security number, identification, or documents in any name other than his own, by possessing a photocopy of Linda Rye's identification card on or about January 31, 2006.

DETENTION ORDER
PAGE -1-

    (4)    Violation of special condition that he submit to drug testing, by failing to test as directed on January 26, 2006 and January 27, 2006.

    (5)    Violation of halfway house rules at Tacoma Comprehensive Sanction Center ("TCSC"), by failing to submit a urine sample on January 27, 2006, and January 28, 2006.

    (6)    Violation of halfway house rules at TCSC, by deviating from an authorized employment travel plan on February 9, 2006.

    (7)    Violation of halfway house rules at TCSC by driving a red Chevrolet Blazer to and from employment on or about February 9, 2006.

At today's bond revocation hearing, I re-advised the defendant of these charges and of his constitutional rights. The defendant admitted to violation numbers 2, 3, 6 and 7. The Government has agreed to withdraw violation numbers 1, 4 and 5. Accordingly the bond was revoked as defendant poses a risk of nonappearance and danger to the community. The defense did not object.

**It is therefore ORDERED:**

    (1)    Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

    (2)    Defendant shall be afforded reasonable opportunity for private consultation with counsel;

    (3)    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

//

(4)  The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 9th day of March, 2006.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-